CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 29 2012

JULIA A. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES D. GOODSON, SR., | Civil Action No. 7:12cv00415 |
| Plaintiff, | |
| | **MEMORANDUM OPINION** |
| v. | |
| HAROLD W. CLARK et al., | |
| | By: Samuel G. Wilson |
| Defendants. | United States District Judge |

James Dallas Goodson, Sr., an inmate at Greensville Correctional Center in Virginia,[1] brings this action *pro se* pursuant to 42 U.S.C. § 1983 against defendants Harold W. Clark, Louis B. Cei, D.A. Braxton, and Mr. Younce, presumably correctional officials at Greensville Correctional Center. Goodson claims that he was denied access to a satanic bible that he ordered, and that he was not allowed to order an amulet symbolizing satanism. Because Goodson fails to articulate a plausible claim for relief against the named defendants, the court dismisses Goodson's complaint without prejudice pursuant to 28 U.S.C. § 1915(A)(b)(1).

I.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At the pleading stage, the court must accept a claimant's factual allegations as true, but plaintiffs must plead enough facts to "nudge[] their claims across the line from conceivable to plausible," and the claim must be dismissed if it is not "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although the court is required to

---

[1] During some of the time relevant to his complaint, Goodson was an inmate at Keen Mountain Correctional Center in Virginia.

liberally construe *pro se* documents, Erickson v. Pardus, 551 U.S. 89, 94 (2007), this does not require the court to ignore an obvious failure to allege facts setting forth a plausible claim for relief. Mills v. Greenville Cnty., 586 F. Supp. 2d 480, 487 (D.S.C. 2008) (citing Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990)). To be entitled to relief under 42 U.S.C. § 1983, Goodson must show both a violation of a right secured by the Constitution and laws of the United States and that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42, 48 (1988).

Here, Goodson's complaint contains *no* facts indicating how Clark and Younce could be liable. In fact, the complaint's only mention of Clark and Younce is naming the two as defendants. Further, his complaint contains no allegations against Braxton other than his allegation that Braxton stated that "'[s]atanism is not a religion that is recognized by the Department of Corrections.'" (Pl's. Compl. 2, ECF No. 1.) This statement, however, does not plausibly show that Braxton violated any rights secured by the Constitution or laws of the United States. Thus, Goodson has not articulated a § 1983 claim against defendants Braxton, Clark, and Younce.

Regarding Cei, Goodson makes two allegations. First, Goodson alleges that Cei also stated that "'[s]atanism is not a religion that is recognized by the Department of Corrections.'" (Pl's. Compl. 2, ECF No. 1.) Again, this statement does not plausibly show that Cei violated any rights secured by the Constitution or laws of the United States. Second, Goodson alleges that "Faith Review Committee Member Louis B. Cei" refused him "the right to order a Goat Head Star Amulet." (Id.) Goodson does not, however, allege any facts indicating that the amulet is necessary for his free exercise of religion or that Cei intended to impede Goodson's free exercise rights. See Lovelace v. Lee, 472 F.3d 174, 201 (4th Cir. 2006) (determining that the plaintiff

2

"must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983"). Thus, Goodson has not articulated a free exercise claim against Cei under § 1983.

## II.

Accordingly, the court finds that Goodson has failed to state a plausible claim for relief under § 1983 against any of the defendants and dismisses his complaint without prejudice pursuant to 28 U.S.C. § 1915(A)(b)(1).

**ENTER**: November 29, 2012.

_____
UNITED STATES DISTRICT JUDGE